# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

J.W. WEBSTER,                                          PETITIONER

V.                                                       NO. 2:04CV84-M-B

CHRISTOPHER EPPS, ET AL,                             RESPONDENTS

## REPORT AND RECOMMENDATION

This *pro se* habeas corpus petition was filed pursuant to 28 U.S.C. § 2254. Contrary to his plea of not guilty, petitioner was convicted in July 2000 in the Circuit Court of Coahoma County, Mississippi, of murder and was sentenced to life imprisonment. He appealed his conviction and sentence to the Mississippi Supreme Court, which affirmed the conviction and sentence on February 14, 2002. Petitioner raised three grounds as error in his appeal: whether or not the verdict was against the overwhelming weight of the evidence; the appellant acted in self-defense; and whether or not the trial court erred in failing to grant appellants' motion for a mistrial after allowing the State to elicit evidence of the appellant's prejudicial prior bad acts. The Mississippi Supreme Court affirmed petitioner's conviction and sentence, and on November 25, 2002, the United States Supreme Court denied his petition for a writ of certiorari.

Webster then filed an "Application for Leave to File Motion for Post-Conviction Collateral Relief" in the Mississippi Supreme Court. The motion was based on ineffective assistance of counsel, and listed many areas in which Webster believed his trial counsel had been ineffective. The application was denied by the state Supreme Court on December 11, 2003, with the court ruling that the claims did not meet the standard imposed by *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner's motion for reconsideration was denied on January 23, 2004.

Webster raises nine grounds in the petition before the court.

    1. Whether his conviction is against the overwhelming weight of the evidence.

2. Whether he acted in self-defense.

3. Whether the trial court erred I failing to grant a motion for mistrial after allowing the state to elicit evidence of petitioner's prejudicial prior bad acts.

4. Ineffective assistance of counsel in that the attorney should have moved to quash the indictment which had been filed under the wrong statute and should have raised the issue in direct appeal.

5. Ineffective assistance of counsel in that the attorney failed to properly investigate the facts of the case, failed to adequately challenge the state's evidence, failed to call witnesses who would have testified that the alleged victim had sought petitioner out, made threats toward him, and had a bad reputation in the community for violence.

6. Ineffective assistance of counsel in that the attorney improperly failed to pursue a manslaughter instruction both at trial and on appeal

7. Ineffective assistance of counsel in that the attorney's cumulative errors deprived petitioner of a fair trial and effective appeal.

8. Ineffective assistance of counsel in that the attorney failed to: a) object to evidence of a prior conviction; b) move for inclusion of findings of a DNA test; c) have testimony concerning DNA stricken; and d)to object and move for a mistrial when the court denied petitioner the right to call Ms. Webster as a defense witness.

9. Ineffective assistance of appellate counsel for: a) failing to present the issue of manslaughter on appeal; b) making argument in brief regarding guilt; and c) failing to raise issues on appeal concerning the DNA testimony and the trial court's ruling on testimony of Ms. Webster.

Grounds One, Two, and Three of the petition were presented to the Mississippi Supreme Court on direct appeal of the conviction and were denied on the merits. The remaining grounds were raised in petitioner's motion for post-conviction relief to the Mississippi Supreme Court and were also denied on the merits. Consequently, under the Antiterrorism and Effective Death Penalty Act of 1996 this court may not grant relief on these grounds. 28 U.S.C. § 2254(d) provides:

(D) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Subsection (d)(1) applies to mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied* 117 S.Ct. 1114, 520 U.S. 1107, 137 L.Ed.2d 315 (1997). Subsection (d)(2) permits federal court relief only if the state court adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Petitioner's claims involve mixed questions of law and fact. Hence, subsection (1) of § 2254(d) requires that a federal court cannot grant habeas relief on those grounds unless it determines that the state court's decision involved an unreasonable application of the law to the facts. Otherwise, there exists a presumption that state court factual findings are correct. *Knox v. Johnson*, 224 F.3d 470 (5th Cir. 2000).

There is no showing whatsoever that the Mississippi Supreme Court's decision involved an unreasonable application of the law to the facts. Therefore, habeas corpus relief may not be granted on any of the grounds raised by petitioner.

All grounds raised by petitioner are therefore precluded from federal review in a habeas corpus proceeding, absent exceptional circumstances, under *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640, 669 (1991). Under *Coleman*, petitioner must demonstrate cause and actual prejudice, which he has not done. Petitioner has not shown cause, so it is unnecessary for the Court to consider whether there is actual prejudice. *Martin v. Maxey*, 98 F.3rd 844, 849 (5th Cir. 1996).

Additionally, the failure of this Court to consider petitioner's claims will not result in a fundamental miscarriage of justice. The "fundamental miscarriage of justice" exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3rd 635, 644 (5th Cir. 1999). To establish this probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable

juror would have convicted him in light of the new evidence." *Fairman* at 644. Petitioner has not done so and is not entitled to relief on this ground.

Accordingly, it is recommended that the petition be denied and the case dismissed with prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within 10 days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within 10 days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3rd 1415 (5th. Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten 10 days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of his lawsuit under Rule 41(b), Federal Rules of Civil Procedure, for failure to prosecute and for failure to comply with an order of the court.

Respectfully submitted, this the 6th day of July, 2005.

    /s/ Eugene M. Bogen
UNITED STATES MAGISTRATE JUDGE