# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

J.W. WEBSTER,                                                                              PETITIONER

V.                                                                              NO. 2:04CV84-M-B

CHRISTOPHER EPPS, ET AL,                                          RESPONDENTS

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This *pro se* habeas corpus petition was filed pursuant to 28 U.S.C. § 2254 and, by order of Judge Davidson dated December 1, 2005, was referred to the undersigned for further findings as to the state's disposition of each of the nine grounds raised in the petition and whether the disposition comported with the requirements of 28 U.S.C. §§2254(d)(1) and (d)(2).

Contrary to his plea of not guilty, petitioner was convicted in July 2000 in the Circuit Court of Coahoma County, Mississippi, of murder and was sentenced to life imprisonment. He appealed his conviction and sentence to the Mississippi Supreme Court, which affirmed the conviction and sentence on February 14, 2002. Petitioner raised three grounds as error in his appeal: whether or not the verdict was against the overwhelming weight of the evidence; the appellant acted in self-defense; and whether or not the trial court erred in failing to grant appellants' motion for a mistrial after allowing the State to elicit evidence of the appellant's prejudicial prior bad acts. The Mississippi Supreme Court affirmed petitioner's conviction and sentence, and on November 25, 2002, the United States Supreme Court denied his petition for a writ of certiorari.

Webster then filed an "Application for Leave to File Motion for Post-Conviction Collateral Relief" in the Mississippi Supreme Court. The motion was based on ineffective assistance of counsel, and listed many areas in which Webster believed his trial counsel had been ineffective. The application was denied by the state Supreme Court on December 11, 2003, with the court ruling that the claims did not meet the standard imposed by *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner's motion for reconsideration was denied on January 23, 2004.

Webster raises nine grounds in the petition before the court.

    1. Whether his conviction is against the overwhelming weight of the evidence.

    2. Whether he acted in self-defense.

    3. Whether the trial court erred I failing to grant a motion for mistrial after allowing the state to elicit evidence of petitioner's prejudicial prior bad acts.

    4. Ineffective assistance of counsel in that the attorney should have moved to quash the indictment which had been filed under the wrong statute and should have raised the issue in direct appeal.

    5. Ineffective assistance of counsel in that the attorney failed to properly investigate the facts of the case, failed to adequately challenge the state's evidence, failed to call witnesses who would have testified that the alleged victim had sought petitioner out, made threats toward him, and had a bad reputation in the community for violence.

    6. Ineffective assistance of counsel in that the attorney improperly failed to pursue a manslaughter instruction both at trial and on appeal

    7. Ineffective assistance of counsel in that the attorney's cumulative errors deprived petitioner of a fair trial and effective appeal.

    8. Ineffective assistance of counsel in that the attorney failed to: a) object to evidence of a prior conviction; b) move for inclusion of findings of a DNA test; c) have testimony concerning DNA stricken; and d)to object and move for a mistrial when the court denied petitioner the right to call Ms. Webster as a defense witness.

    9. Ineffective assistance of appellate counsel for: a) failing to present the issue of manslaughter on appeal; b) making argument in brief regarding guilt; and c) failing to raise issues on appeal concerning the DNA testimony and the trial court's ruling on testimony of Ms. Webster.

In Grounds One and Two, petitioner argues that the conviction was against the overwhelming weight of the evidence and that the killing was done in self-defense. These identical grounds were made in Webster's direct appeal of his conviction, and the Mississippi Supreme Court discussed both claims as challenging the weight of the evidence.[1] It is a fundamental principle that "[a] federal

---

[1] The Court actually found that Webster's argument that the evidence supported a theory of self-defense was not properly before the court since the jury returned a verdict of guilty on murder. However, the Court found that the weight of the evidence supported the verdict despite the claim of self-defense.

habeas court has no power to grant habeas relief because it finds that the state conviction is against the 'weight' of the evidence ...."*Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985), *cert. denied*, 476 U.S. 1123, 106 S.Ct. 1991, 90 L.Ed.2d 672 (1986). This is true because the weight of the evidence is decided by the trial jury and if found to be inadequate the remedy is a new trial. Here, however, the Mississippi Supreme Court examined the evidence, considering it in the light most favorable to the prosecution and accepting all credible evidence consistent with the verdict as true. *See Webster v. State*, 817 So.2d 515, at 518-520 (Miss. 2002). The Court concluded, after much discussion of the evidence presented as well as the standard by which the evidence would be reviewed, that:

> As previously noted, the issue presented is a question for the jury. In this case, the jury had the option to find Webster not guilty; guilty of murder or manslaughter; or that he acted in self-defense. The jury found Webster guilty of murder. Based on the testimony presented at trial, a reasonable hypothetical juror could have found that Webster committed murder and that his actions were not manslaughter nor done in self-defense.

*Id*. At 520. Accordingly, Grounds One and Two provide no basis for relief.

In Ground Three, petitioner argues that the trial court erred in failing to grant his motion for a mistrial after allowing the State to elicit evidence of the petitioner's prejudicial prior bad acts. A claim challenging the state court's ruling on the admissibility of certain evidence may not be reviewed by this court, as the rulings of state courts on evidentiary matters are solely issues of state law.

"A state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999) (citing *Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994). "[I]n reviewing state court evidentiary rulings, the federal habeas court's role 'is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness' under the Due Process Clause." *Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir. 1998)(citations omitted). The 'erroneous admission of prejudicial testimony does not justify habeas

relief unless the evidence played a 'crucial, critical, and highly significant' role in the jury's determination." *Jackson v. Johnson*, 194 F.3d 641, 656 (5th Cir. 1999).

The prior bad act was an altercation between Webster and the victim, which resulted in Webster's conviction of simple assault. The trial court made an adequate on-the-record finding regarding relevancy under Mississippi rules; the trial court gave a limiting instruction to the jury at the time the evidence was introduced; and -- even assuming *arguendo* that the admission of the evidence was improper -- any such error was not "so extreme that it constituted a denial of fundamental fairness under the Due Process Clause." Consequently, petitioner is not entitled to relief under Ground Three.

Grounds Four through Nine raise various allegations of ineffective assistance of counsel, challenging the performance of both trial and appellate counsel. To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* test applies to retained counsel as well as appointed counsel. *See Bonvillain v. Blackburn*, 780 F.2d 1248 (5th Cir. 1986); *Murry v. Maggio*, 736 F.2d 279 (5th Cir. 1984) and applies to claims of ineffective assistance of counsel by both trial and appellate counsel. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

In *Strickland*, the Supreme Court held that before post-conviction relief can be granted for ineffective assistance of counsel, the petitioner must establish: (1) that counsel's performance was deficient in that if fell below an objective standard of reasonable professional service; and (2) that this deficient performance prejudiced the defense such that there is a reasonable probability that the outcome of the trial has been undermined and the result would have been different. *Strickland*, 466 U.S. at 687, 688; *see also Sawyer v. Butler*, 848 F.2d 582 (5th Cir. 1988) (*superseded on other grounds*, *Sawyer v. Butler*, 881 F.2d 1272 (5th Cir. 1989)); *Lavernia v. Lynaugh*, 845 F.2d 493 (5th Cir. 1988); *Bridge v. Lynaugh*, 838 F.2d 770 (5th Cir. 1988); *Thomas v. Lynaugh*, 812 F.2d 225 (5th Cir. 1987); *Martin v. McCotter*, 796 F.2d 813 (5th Cir. 1986). Thus, both a deficiency and resulting prejudice must be shown. *United States v. Lewis*, 786 F.2d 1278, 1281 (5th Cir. 1986). A

petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claim. *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986).

Under the deficiency prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687; *see also Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). However, the Fifth Circuit has noted the following:

> In determining whether counsel's performance satisfies the requirements of the Sixth Amendment, we must inquire whether, considering all the circumstances, counsel's performance was reasonable under prevailing professional norms. Judicial scrutiny of counsel's performance must be highly deferential; we must make every effort to eliminate the distorting effects of hindsight and evaluate the conduct from counsel's perspective at the time. [Lavernia v. Lynaugh, 845 F.2d 493, 498 (5th Cir. 1988)].

In applying the first *Strickland* criterion, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional competence, or that, under the circumstances, the challenged action might be considered sound trial strategy. *Bridge v. Lynaugh*, 838 F.2d at 773; (quoting *Strickland v. Washington*, 466 U.S. at 689). Finally, counsel is granted great deference with a strong presumption that counsel has exercised reasonable professional judgment. *Martin v. McCotter*, 796 F.2d 816, 817 (5th Cir. 1986).

Ground Four raises the issue that trial counsel was ineffective for failing to move the court to "quash the indictment which had been filed under the wrong statute," and that appellate counsel was ineffective for failing to raise the issue on appeal. The decision of whether to pursue a particular charge in an indictment is a matter of prosecutorial discretion. The indictment was based solely on testimony presented to the grand jury concerning the facts of the case. Petitioner states no legal basis upon which trial counsel could have moved to quash the indictment, and the court can see no legal basis for having done so. Trial counsel fought the murder charge throughout the trial, presented testimony to support the defense claim that Webster was not the aggressor, secured lesser included offense instructions, and moved for a directed verdict. The jury was not persuaded, and returned a verdict on the charge of murder and the conviction was upheld on appeal. Clearly a motion to quash would not have been proper, and counsel therefore cannot be held ineffective for failing to so move.

5

*Jackson v. Johnson*, 150 F.3d 520, 525-6 (5th Cir. 1998) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

Since there was no error at trial for failing to raise the issue, the appellate counsel was also under no duty to raise the issue on appeal. *See Mayabb v. Johnson*, 168 F.3d 863, 869 (5th Cir. 1999) (Because there was no error at trial, by extension, there is no error at the appellate level for failure to assert such an error ...). Petitioner has failed to satisfy the deficiency prong of the *Strickland* test, so there is no need to consider the prejudice test concerning the failure to move to quash the indictment.

In Ground Five petitioner contends that trial counsel "failed to adequately challenge the state's evidence and failed to properly investigate the factual events. Witnesses should have been called which could have provided personal testimony that Rosebur sought petitioner out not one time but twice and made threats toward petitioner. Further Rosebur had a bad reputation in the community for violence."

Petitioner has failed to make "particularized allegations or to identify probative evidence in the record to support his allegations." *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas corpus proceeding. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citations omitted).

Additionally, petitioner's contention regarding uncalled witnesses failed to state which witnesses should have been called, what information they would have provided had they testified, and how such testimony would have affected the trial. "Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." *Sayre v. Anderson*, 238 F.3d 631, 635-636 (5th Cir. 2001).

The claims in Ground Five are "conclusory and wholly unsupported by any probative evidence," (*Flores*, 135 F.3d at 1007), so petitioner has clearly failed to meet the deficiency prong of the *Strickland* test. Additionally, petitioner has failed to state how trial counsel's actions affected

his right to a fair trial. "In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we [can find] no merit to these [claims]." *Miller*, 200 F.3d at 282. Accordingly, Ground Five is without merit.

Petitioner's Ground Six alleges that counsel was ineffective at trial and on direct appeal for failing to pursue an instruction on manslaughter. However, the record reflects that trial counsel sought a manslaughter instruction -- as did the prosecution -- and that the trial judge issued a manslaughter instruction as a lesser included offense. Obviously, there was no error by the trial defense counsel since trial counsel requested a manslaughter instruction and one was given by the judge. Just as obviously, the appellate counsel did not err if failing to raise the issue since the instruction had in fact been requested at trial.

In Ground Eight, petitioner alleges several deficiencies in handling evidentiary matters at trial. Specifically, he argues that trial counsel was ineffective for failing to object to the evidence of a prior conviction; failing to move for exclusion of the findings of a DNA test; failing to have DNA testimony stricken; and failing to object and move for a mistrial when the court denied his request to call his wife as a witness.

Contrary to petitioner's allegation, trial counsel objected to the evidence of petitioner's prior conviction on more than one occasion and even moved for a mistrial on the issue. Petitioner presents no legal basis for his argument concerning the DNA evidence and testimony. Additionally, the trial counsel used this evidence in an attempt to create doubts in the minds of the jurors and to support the defense theory of self-defense. Finally, as with the allegation that trial counsel failed to object to the evidence of a prior conviction, petitioner's allegation that counsel failed to object to the refusal to allow petitioner's wife's testimony is refuted by the record which shows that such an objection was made. Under the circumstances a mistrial clearly was not warranted.

Ground Nine concerns issues that petitioner believes showed that his appellate counsel was ineffective for: a) failing to present the issue of manslaughter on appeal; b) making argument in brief regarding guilt; and c) failing to raise issues on appeal concerning the DNA testimony and the trial

court's ruling on testimony of Ms. Webster. Petitioner has failed to present any basis that any of these claims have any merit whatsoever and the court sees no validity to any of the claims. The issue of which errors to pursue on appeal is one of strategy, and petitioner has failed to show that counsel's strategy was ineffective in any manner. "[C]ounsel ... does not have a constitutional duty to raise every nonfrivolous issue requested by defendant [in an appeal of a criminal conviction}." *Foster v. State*, 687 So.2d 1124, 1138 (Miss. 1996). "A brief that raises every colorable issue runs the risk of burying good arguments - those that ... 'go for the jugular.'" *Jones v. Barnes*, 463 U.S. 745 (1983) (citations omitted). Even assuming *arguendo* that petitioner could show any deficiencies in appellate counsel's handling of his case, he has not shown any prejudice resulting therefrom. He has failed to show that but for counsel's actions, the outcome of the appeal would have been different or that he would have prevailed on appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001) [citing *Smith v. Robbins*, 528 U.S. 259 (2000)].

Ground Seven argues that the "cumulative effect of the ineffectiveness of counsel deprived [him] of his constitutional right to a fair trial and an effective direct first appeal ...." As pointed out, none of petitioners' issues have merit. Therefore, there are no issues to cumulate. *See Miller v. Johnson*, 200 F.3d 274, 286, n. 6 (5th Cir. 2000). Meritless claims or claims that are not prejudicial cannot be cumulated, regardless of the total number raised. *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996).

Accordingly, it is recommended that the petition be denied and the case dismissed with prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within 10 days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within 10 days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3rd 1415 (5th Cir. 1996).

Respectfully submitted, this the 25th day of January, 2006.

   /s/ Eugene M. Bogen
UNITED STATES MAGISTRATE JUDGE